■ MARY FLORIO, Appellant, v. NICHOLAS FLORIO, Respondent.— Order, entered January 14, 1963, denying plaintiff wife's motion for summary judgment in action to recover certain moneys withdrawn from joint accounts in savings banks and savings and loan associations, and from a joint safe-deposit box, unanimously affirmed, without costs to either party. While it is clear enough that a presumption exists in favor of the wife as to the rights created by the joint deposits, such presumption is generally rebuttable (*Marrow* v. *Moskowitz*, 255 N. Y. 219; *Russo* v. *Russo*, 17 A D 2d 129). No similar presumption of course applies to the moneys in the safe-deposit box, but as to these, plaintiff, in conclusory language only, alleges an agreement of joint ownership. A fair reading of defendant husband's affidavit makes clear his purpose to assert and prove that there was never an intention to create the rights upon which the wife asserts her cause of action. The affidavit of defendant husband, while stressing the significant surrounding circumstances, neglects to reach explicitly the matter of intention, but that alone should not preclude a trial of the issues of fact evidently present. Concur — Botein, P. J., Breitel, Stevens, Steuer and Bastow, JJ.

■ NATIONAL CARLOADING CORPORATION, Appellant, v. HOLLAND-AMERICA LINE, Respondent. NATIONAL CARLOADING CORPORATION, Respondent, v. UNITED STATES TRUCKING CORP. (CENTURY DIVISION), Appellant, et al., Defendant.— Orders, entered on May 14, 1962, denying motions to dismiss certain defenses and counterclaims of defendant-respondent Holland-America Line and seeking other alternative relief, unanimously modified, on the law, to the extent of striking the second partial affirmative defense, the first, second and third complete affirmative defenses, and dismissing the counterclaims and, in the exercise of discretion, granting leave to defendant-respondent to replead such defenses and counterclaims, and the orders are otherwise affirmed, with costs to abide the event of the action. The pleading attacked is obscure in theory, verbose in the detail of matters of evidence, vague and indefinite in alleging critical ultimate facts, and the affirmative defenses are conclusory. Under rule 109 of the Rules of Civil Practice and section 241 of the Civil Practice Act it may not stand. It cannot be said at this time, however, that a proper pleading may not be alleged, and leave to replead is therefore merited. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.